**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

CHARLES L. FREDERICK,

      Petitioner-Appellant,

v.

EDWARD EVANS and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 95-5270
(D.C. No. 94-C-0090-H)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Appellant Charles L. Frederick plead guilty to five separate state felony charges in

Tulsa County district court.  At the time, Frederick did not appeal his sentence in the

Oklahoma court system.  Eight years later, Frederick filed a petition for writ of habeas

corpus in federal court, which is the petition before us now.  In response to the petition,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

the state of Oklahoma argued that Frederick's claims were procedurally barred because he failed to file a direct appeal of his convictions and sentence. Frederick responded that he met the standard of cause and prejudice--permitting the court to consider the merits of his claim--because he received ineffective assistance of counsel following his sentencing. Specifically, Frederick argued that he had requested his attorney to file an appeal following sentencing, but the attorney failed to do so. A magistrate judge considering Frederick's claim found no cause and prejudice on the grounds that Frederick presented insufficient evidence that he had communicated to his attorney that he wished to appeal. The district court accepted the magistrate's findings and dismissed Frederick's petition. We also affirm.

On appeal, Frederick does not dispute the magistrate's conclusion that there is insufficient evidence that Frederick's attorney failed to follow Frederick's instructions to appeal his sentence. See Brief of Appellant at 9 (noting that Frederick is "not asking this Court to set aside the district court's factual findings."). Instead, on appeal Frederick argues that the ineffective assistance of counsel arises from his attorney's failure to inform Frederick that he had a right to appeal.[1] However, it is a general rule that we will not consider an issue on appeal that was not raised below. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Because Frederick did not argue before the magistrate and district court that his attorney performed ineffectively by failing to notify

---

[1] We note that the district court made a factual finding that the defendant was informed by the state judge of his right to appeal.

him of his right to appeal, we decline to consider this argument on appeal.  <u>See</u> I ROA 20 at 2 (Petitioner's Supplemental Brief following the evidentiary hearing below) (noting that "[i]n the present case, the issue is simply whether Mr. Frederick requested that Mr. Parks file an appeal on his behalf.").

Therefore, because Frederick does not dispute the magistrate's conclusion that his attorney was unaware of Frederick's desire to appeal, and because Frederick did not argue below that his attorney rendered ineffective assistance of counsel by failing to inform Frederick of his right to appeal, we AFFIRM the decision of the district court dismissing Frederick's habeas petition.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge